## Taylor Plummer et al. v. John Baxter.

1.  MASTER IN CHANCERY—*effect given to findings of fact of.*  Find-
ings of a master are advisory only and are not given the same effect as
is given to the verdict of a jury.

Bill in chancery.    Error to the Circuit Court of Moultrie County; the
Hon. W. C. JOHNS, Judge, presiding.    Heard in this court at the Novem-
ber term, 1905    Affirmed.    Opinion filed February 1, 1906.

R. M. PEADRO, for plaintiffs in error.

HARBAUGH & THOMPSON, for defendant in error.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

Defendant in error Baxter filed a bill in chancery in the Circuit Court of Moultrie County against plaintiffs in error, Plummer and Linder, praying that a certain judgment rendered against him in favor of Plummer, by Linder, a justice of the peace, be set aside and declared null and void and that an injunction issue against said defendants restraining the collection of such judgment.

The bill, in substance, avers that Baxter, a farmer and resident of Douglas county, on April 14, 1900, was (in Hancock's saloon) in the city of Sullivan; that while there he witnessed a game of cards played by and between Plummer and one Weger; that during the progress of said game a wager was made between said Baxter and Plummer upon the result of said game; that Baxter signed a check for the sum of $100, drawn upon the Exchange Bank of Fairland, dated April 14, 1900, payable to Plummer, and that said check was deposited with Hancock as stakeholder, to be held and delivered upon the result of said game; that Baxter lost said wager and the check was delivered to Plummer; that there was no other or different consideration for said check or any part thereof; that in June, 1903, said Plummer brought suit before Linder, a justice of the peace, in Moultrie county, upon said check; that a trial was had before said justice and judgment rendered thereon for the amount of said check; and that Plummer appealed from said judgment to the County Court of said county and that complainant Baxter appealed to the Circuit Court of said county. The bill further avers that as the result of collusion and conspiracy between Plummer and Linder, details of which it is unnecessary to here recite, said appeal was dismissed by Plummer and complainant thereby deprived of the right to a trial of said cause upon the merits. An injunction was issued in accordance with the prayer of the bill. Plummer by his answer denies that said check was

deposited as a stake or for a wager, and avers that the same was given for money borrowed from him by Baxter. He further denies all charges of collusion or conspiracy to deprive complainant upon appeal of a trial upon the merits.

The cause was referred to the master in chancery, who found that the check in question was made by Baxter to Plummer for $100 loaned by said Plummer to Baxter in the saloon of one Hancock; that Linder did not collude with Plummer to prevent an appeal to the Circuit Court, and that Plummer had a right to dismiss his appeal in the County Court; that there was, however, a check given by Baxter to one Buxton and placed in the hands of Hancock, which check was given on a bet over a game of cards in Hancock's saloon; but that the check introduced in this case was not that check; that the equities are with the defendants, and recommended that the bill be dismissed.

Upon the hearing of exceptions to the master's report, the court sustained the same and found the facts to be substantially as averred in the bill. A decree was accordingly entered making the temporary injunction perpetual. To reverse said decree this appeal is prayed.

The evidence in the record was taken and heard by the master in chancery, who saw and heard the witnesses. It is urged that his findings upon the questions of fact should therefore have the same weight with a court of review as the verdict of a jury, and that such findings should not be disturbed unless clearly contrary to the weight of the evidence. Such is not the law. The master's findings are advisory only to the chancellor (Henderson v. Harness, 184 Ill. 520), and though they are entitled to great weight where he has heard the witnesses testify, they are not entitled, in a court of review, to the same weight as the verdict of a jury at law. In matters other than stating accounts, the master's conclusions of fact are only *prima facie* correct, and the court, acting on its own motion or upon exceptions filed, may modify or reject the report if errone-

ous, defective or against the weight of the evidence.    Ennesser v. Hudek, 169 Ill. 494.

We are fully satisfied that the court was warranted in finding that Baxter was deprived of a hearing, upon appeal, of the merits of his case.    The mere fact that Plummer appealed from a judgment in his own favor is a suspicious circumstance.    While the testimony of the greater number of witnesses seems to support Plummer's contention as to the facts relative to the giving of the check and its identity, we are impelled to the conclusion that such testimony is much less reasonable than that in favor of Baxter.

When the surrounding facts and circumstances, together with the reasonable inferences to be drawn therefrom, are considered in connection with the testimony of the witnesses, we cannot say that the chancellor was not warranted in finding that but one check was given by Baxter on April 14, 1900, and that it was given in a room over Hancock's saloon as a wager on a game of cards and that the check introduced in evidence is that check.    If the check upon which the judgment was obtained was given as a wager upon a game of chance, both the check and the judgment were absolutely void, and the complainant was entitled to the relief asked.

The decree is affirmed.

*Affirmed.*